CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2015 DEC 28  AM 10: 48

DEPUTY CLERK____N1____

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

# DALLAS DIVISION

TRACY RHINE

2515 INWOOD RD. #115

DALLAS TX. 75235                                              CASE NO.

V.

APEX BRANDS,LLC.,                          **3 - 1 5 C V 4 0 6 8 - D**

JEFF WILSON AND

MICHELLE INU

17774 PRESTON RD.

DALLAS TX. 75252

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### JURISDICTION

1. This is an action arising under the laws of the United States of America, in particular Title VII of the Civil Rights Act,42 USC 2000e, and the general Civil Rights jurisdictional provisions of 28 USC 1343 (a) (4).

2. Claims are also stated under the Common Law of the State of Texas against the defendants.

3. The supplemental jurisdiction of this court is invoked pursuant to 28 USC 1367 over state law claims which are also related to federal claims in the action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

### INTRODUCTION

4. This action is brought by Plaintiff Rhine to secure redress for Defendants violation of her civil rights to be free from employment discrimination on the basis of race, sex, age, and in accordance with the Americans with Disabilities Act and Rehabilitation Act.

5. Ms. Rhine was forced to perform duties more strenuous than other male and female employees by her employers Apex Brands, LLC., D.B.A. Kentucky Fried Chicken located at 4303 Lemmon Ave., Dallas Texas. Such duties were not within Rhine's job description. As other employees holding her position which was as a cook were not required to perform such duties.

6. Ms. Rhine had pre-existing physical disabilities and injuries which limited her daily living activities as well as her abilities to perform the strenuous physical demands placed upon her by her employers and their agents. Such demands were not placed upon more physically capable employees of either gender, any ethnic group or age.

7. When Ms. Rhine requested assignment of less strenuous working conditions and that some one more physically capable do what was being required of herself. She was told if she could not do the job her hours would be reduced and her employment would be terminated.

8. On two separate occasions Rhine was threatened by other employees, Rhine filed complaints through both store management and corporate, no action was taken regarding either incident.

## VENUE

9. Venue is proper in the United States District Court for the Fifth Circuit, Northern District of Texas, Dallas Division. Pursuant to Section 706 (F) (3)of Title VII, 42 USC 2000e 5 (f) (3), because the unlawful employment discrimination giving rise to Plaintiff's claims occurred in this district.

## EXHAUSTON OF ADMINISTRATIVE REMEDIES

10. Plaintiff Rhine has exhausted her administrative remedies. She filed a timely complaint of discrimination against

APEX Brands, LLC., Jeff Wilson, and Michelle Inu.With United States Equal Employment Opportunity

Commission (EEOC) and has received a permission to sue letter from said Commission.

## STATEMENT OF FACTS

11. Plaintiff Rhine and Defendant Wilson had had a lengthy previous history of employment together.

12. In June of 2014 Rhine was in an automobile accident which left her in ICU for four days, required three

surgeries, her injuries were numerous and traumatic.

13. In Late July Defendant Wilson and Rhine had met up and Rhine had explained to Wilson how she needed a job

and it was difficult to find a job she could work in her condition due to her appearance and injuries from the

accident and other pre- existing conditions. But mainly due to her physical appearance. Wilson Told Rhine he

needed a part-time cook and to come talk to him.

14. In early August Rhine had went to talk to Wilson about employment. Wilson had offered to start Rhine that

week, Rhine had informed Wilson she would be happy to start immediately but in approximately two weeks she

would need another surgery on her jaw and would have to take a week or two off until the stitches were removed.

Wilson informed Rhine KFC was not like other fast food restaurants and would not allow her to start employment

and take off for surgery then return to work. And for her to come back after the second surgery and the stitches

were removed.

15. Rhine returned to KFC once her surgical incision area had healed to the point where her health would not be

jeopardized by any contaminates getting into surgical area. She started working on or about Sept. 15th 2014.  At

which point Wilson informed her, her job title and duties was that of cook.

16. Rhine was almost immediately given other job tasks that were not within her job description and that other cooks were not required to perform. Including tasks that were required to be performed by front counter and drive through personnel. Among those tasks were strenuous duties suck as taking out trash, breaking down cardboard cartoons, scrubbing the parking lot, hauling around a hose and spraying the parking lot. Though there were two cooks present the other cook a twenty eight year old male or a late 30ish year old male were not required to perform such actives as was Rhine.

17. When Rhine worked during the day shift she was required to take out all trash before she left at the end of her shift. Yet there were several times Rhine worked evening shift that was forced to take out trash that day cook did not have to take out. When Rhine was only cook during day shift she was still forced to scrub parking lot, other day shift cooks were not.

18. When Rhine worked nights if another cook was working Rhine not one of the male cooks was forced to take out the trash, and break down the card board cartoons.

19. On or around the first week of October 2014, one of the day cooks a 28 year old male had named Kevin had injured his self. Rhine was required to cover his shift. While when Kevin worked the same shift and position he was not required to scrub the parking lot nor to the best of Rhine's knowledge take out the trash. And very rarely if ever was Kevin required to take out trash at end of his shift for every time Rhine started a shift behind Kevin it was she whom had to take out first shifts trash. Yet when Rhine had to cover Kevin's shifts for the week she was required to take out the trash in the morning and evening , scrub the parking lot and perform regular opening tasks that the cooks had to perform.

20. Rhine had called both K.F.C. headquarters and Apex on Oct. 9th, oct. 24th,nov. 10th,and Nov.18th,concerning her working conditions at the Lemmon Ave. location. Rhine had also sent Apex three written notices being how APEX very rarely answered their phone.

**21.** On Nov.9th,2014 *Rhine was required to work from open to close due to a night cook resigning.*

For some reason Wilson had asked a second cook to come in that morning. Rhine was the scheduled cook.

The second cook whom was not scheduled was allowed to due opening procedures that did not include taking

out the trash and scrubbing the parking those responsibilities of course were given to Rhine whom was the

scheduled cook. Yet she was not allowed to cook being how Wilson had given her scheduled position to Moises

yet did not force him to take out trash and scrub parking lot as he did Rhine. Rhine whom was required to work a

double was then assigned the strenuous duties of scrubbing out heating cabinets and shelving carts, while there

was three other younger more physically capable employees present who were not scheduled to work for a 12

hour shift. At approximately 11 A.M. Wilson had left the store to run some errands. At which point around 11:20

A.M. another female employee had self-proclaimed that she was in charge and ordered Rhine to prepare some

food product. Rhine informed  the employee a late 20ish female named Deloris that she was currently busy with

her assigned tasks and that food prep was her, and the other register operators responsibilities. Deloris then

became  belligerent calling Rhine a bitch several times while there were customers and co-workers present

Deloris told Rhine that Rhine "You have me (Deloris) fucked up , you(Rhine) don't know who your fucking

with". Rhine whom was not in any physical condition to defend herself against such aggressive behaviorism

from a younger more physically fit person. Immediately called and texted Wilson to notify him of his

employee's misconduct and threatening of her. In the presence of customers and employees. Wilson took no

action against Deloris for her threatening demeanor and abusive language towards a co-worker and in the

presence of customers.Rhine had called APEX and KFC the following morning concerning incident no

disciplinary action was taken against Wilson or Deloris.

**22.** On Nov 17, 2014 at approximately 10:30 PM , one Michelle Inu, an African-American female approximately a

good decade younger than Rhine had approached Rhine in an aggressive mannerism and poked at Rhine's chest

with her index finger and called Rhine " A little white girl" and told Rhine that she had "better slow her roll".

Rhine had reported actions to Wilson, APEX,and KFC. No action was taken against Inu for her usage of racial

Discrimination.

**23.** On Nov.18,2014 Rhine called and texted Wilson informing him of her intent to file an EEOC complaint. In

which Wilson the called Rhine a child and told her she required Xanax. On Nov.19,2014 Rhine reported to work and was terminated by Wilson.

## FIRST CLAIM FOR RELIEF

*UNLAWFUL DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABLITIES ACT AND REHABILITATION ACT. TITLE VII OF THE CIVIL RIGHTS, 42 USC 12101.*

24.Plaintiff Rhine repeats and realleges the allegations set forth in paragraphs 1 through 23. As though fully set forth herein.

25.Defendants' conduct as herein alleged violated the Americans with Disabilities and Rehabilitation Acts. Defendants' discriminated against Rhine by refusing to accommodate her physical disabilities and limitations.And threaten Rhine with termination when Rhine exercised her protected activity of protesting work conditions.

26.As a proximate result of Defendants' discriminatory actions, Plaintiff Rhine has suffered losses in compensation, earning capacity, humiliation, physical pain, anguish and suffering, mental anguish and emotional distress. As result of those actions and consequent harms, Plaintiff Rhine has suffered such damages in an amount to be proven at trial.

27. Plaintiff Rhine requests relief as described in the Prayer for Relief below.

## SECOND CLAIM FOR RELIEF

*UNLAWFUL DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS TO BE FREE FROM DISCRIMINATION ON THE BASIS OF AGE AND SEX*

**28.** Plaintiff Rhine repeats and realleges the allegations set forth in paragraphs 1 through 23. As though fully set

forth herein.

**29.** Plaintiff Rhine at the time of Defendants' violations was a 43 year old female whom suffered from numerous

physical disabilities which severely affect her daily living activities. She was at the time probably the oldest

person in employee at the Lemmon Ave location. The defendants' intentionally and continually placed upon

Rhine working conditions more strenuous and physically hazardous to her, while not placing such demands upon

her younger more physically capable female and /or male co-workers whom were in their employ.

**30.** As a proximate result of Defendants' discriminatory actions, Plaintiff Rhine has suffered losses in compensation,

earning capacity, humiliation, physical pain, anguish and suffering, mental anguish and emotional distress. As

result of those actions and consequent harms, Plaintiff Rhine has suffered such damages in an amount to be

proven at trial.

**31.** Plaintiff Rhine requests relief as described in the Prayer for Relief below.

## THIRD CLAIM FOR RELIEF

*UNLAWFUL DISCRIMINATION  IN VIOLATION OF TITLE VII CIVIL RIGHT TO BE FREE OF*
*DISCRIMINATION BASED ON RACE.*

**32.** Plaintiff Rhine repeats and realleges the allegations set forth in paragraphs 1 through 23. As though fully set

forth herein.

**33.** On Nov.17,2014 at approximately 10:30 PM Michelle Inu was allowed to not only threaten Rhine but racially

discriminate against Rhine by referring to her as " a little white girl "Defendants  APEX BRANDS and Wilson

condoned such action and encouraged it to continue by refusing to discipline Inu for her racially motivated and

threatening activities and actions. Wilson futher encouraged such conduct by making defamatory remarks

towards Rhine to INU.

34. As a proximate result of Defendants' discriminatory actions, Plaintiff Rhine has suffered losses in compensation, earning capacity, humiliation, physical pain, anguish and suffering, mental anguish and emotional distress. As result of those actions and consequent harms, Plaintiff Rhine has suffered such damages in an amount to be proven at trial.

35. Plaintiff Rhine requests relief as described in the Prayer for Relief below.

## JURY TRIAL DEMAND

Plaintiff Rhine hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rhine requests that this Honorable Court :

1. Enter a delaratory judgment that the practices complained o9f in this complaint are unlawful and violate Title VII of the Civil rghts Act of 1964.

2. Order Defendants' to pay the wages, salary, employment benefits, and other compensation denied or lost to Plaintiff Rhine to date by reasons of Defendants' unlawful actions, in amounts to be proven at trial.

3. Order Defendants' APEX Brands, LLC., to pay compensatory damages for Plaintiff Rhine's physical pain and anguish, mental and emotional pain, anguish, and suffering for condoning and allowing their agents illegal actions, and their flagrant disregard of Rhine's Constitutionally  Protected Rights and their wreck less and wanton disregard for Rhine's physical, mental and emotional wellbeing by placing her in harm's way through their hazardous working conditions while being well aware of their violating Rhine's rights to be free from discrimination due to her disabilities, age, sex and race. And their disparate treatment of Rhine from that of other employees at the Lemmon Ave. Location. Rhine requests that this Honorable Court award her damages in the amount of at least 150,000.00.Dollars.

4. Rhine requests compensatory damages against Defendant Wilson for his intentional , willful, wanton and flagrant disregards to Rhine's Constitutionally protected Rights, physical, mental, and emotional wellbeing by intentionally placing Rhine in strenuous working conditions that exceeded Rhine's

abilities due to her poor health conditions and threatening to reduce Rhine's hours and terminate Rhine's employment whenever Rhine would request that he comply with Federally mandated legal requirements by assigning such working conditions to more physically able employees. And by Wilson's allowance of two of his employees to threaten Rhine with physical violence. On two separate occasions Rhine requests that this Honorable Court grant her compensatory damages in the amount of at least 100,000.00.Dollars.

5.  Rhine requests compensatory damages against Defendant Inu , for her flagrant violations of Rhine's Civil Rights to be free from Racial discrimination in the amount of at least 150,000,00.Dollars.

6.  Rhine requests that this Honorable Court orders Defendants' APEX Brands, LLC. To pay exemplary and punitive damages to Rhine in the amount of at least 250, 000, 00.Dollars.

7.  Rhine requests that this Honorable Court orders Defendant Wilson to pay exemplary and punitive damages to Rhine in the amount of at least 150, 000, 00.Dollars.

8.  Rhine requests that this Honorable Court orders Defendant Inu to pay exemplary and punitive damages to Rhine in the amount of at least 250,000,00. Dollars.

9.  Rhine requests that this Honorable Court orders Defendants 'to pay any attorneys' fees, court costs, and all related costs of this action.

10. Rhine requests that this Honorable Court orders Defendants 'to pay interest at the legal rate on such damages as appropriate, including pre and post- judgment interest.

11. Rhine further prays that  this Honorable Court grants any further relief that the Court deems just and proper.


Dated Dec. 20th, 2015


RESPECTFULLY SUBMITTED

TRACY RHINE/ PRO SE

2515 Inwood Rd. #115

Dallas Tx. 72235

(469) 207-7693

EEOC Form 161-B (11/09)

## U.S. Equal Employment Opportunity Commission

# Notice of Right to Sue *(Issued on Request)*

To: **Tracy J. Rhine**
**2515 Inwood Road**
**Apt 115**
**Dallas, TX 75204**

From: **Dallas District Office**
**207 S. Houston St.**
**3rd Floor**
**Dallas, TX 75202**

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **450-2015-00683** | **Lillie R. Wilson,** **Enforcement Supervisor** | **(214) 253-2810** |

*(See also the additional information enclosed with this form.)*

**Notice to the Person Aggrieved:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*(signature)* 9/30/15

**Belinda F. McCallister,**
**Acting District Director**

(Date Mailed)

cc: **Jeff Wilson**
**General Manager**
**KENTUCKY FRIED CHICKEN**
**4303 Lemmon Ave.**
**Dallas, TX 75252**

FEPA

X EEOC 450-2015-00683

## Texas Workforce Commission Civil Rights Division

and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)*  Ms. Tracy J. Rhine | Home Phone *(Incl. Area Code)*  (469) 207-7693 | Date of Birth  07-19-1971 |
|---|---|---|
| Street Address  4701 Tremont Lane, Apt B, Dallas, TX 75204 | City, State and ZIP Code | |

RECEIVED

DEC 01 2014

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
DALLAS DISTRICT

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name  APEX BRANDS LLC | No. Employees, Members  Unknown | Phone No. *(Include Area Code)*  (972) 930-6050 |
|---|---|---|
| Street Address  17774 Preston Road, Dallas, TX 75252 | City, State and ZIP Code | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| Street Address | City, State and ZIP Code | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[X] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN

[X] RETALIATION   [X] AGE   [X] DISABILITY   [ ] GENETIC INFORMATION

[ ] OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE

Earliest  09-16-2014   Latest  11-20-2014

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**PERSONAL HARM:**

From September 16, 2014 until November 20, 2014 I was required to perform strenuous duties that other employees were not required to perform.

On November 17, 2014 I was called "Little White Girl" by co-worker, Michelle Inu.

I was discharged on November 19, 2014.

**RESPONDENT'S REASON FOR ADVERSE ACTION:**

No reason given.

No reason given.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT  *[signature]* |
| Dec 01, 2014          *[signature]*  Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*  12/1/14     *[signature]* Keren Heard |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 450-2015-00683 |

| **Texas Workforce Commission Civil Rights Division** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

I was told by Jeff Wilson, General Manager that I was being discharged because I filed an EEOC charge.

**DISCRIMINATION STATEMENT:**
I believe I have been discriminated against because of my race, White and sex, female in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe I have been discriminated against because of my age, 43 in violation of the Age Discrimination in Employment Act of 1967 and because of my disabilities in violation of the Americans with Disabilities Act of 1990. I further believe I have been retaliated against because I complained of discrimination in violation of Section 503 (a) of the Americans with Disabilities Act of 1990.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Dec 01, 2014                    *Charging Party Signature*  *Date* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)  12/1/14 |

JS 44-TXND (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

TRACY RHINE

## DEFENDANTS

APEXBRANDS, LLC, Jeff Wilson, and Michelle Inu

**(b)** County of Residence of First Listed Plaintiff  Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Dallas County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Pro se

Attorneys *(If Known)*

RECEIVED
DEC 28 2015
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

3-15CV4068-D

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Title VII of the Civil Rights Act 42 USC 2000e, Americans with Disabilities Act
Brief description of cause:
Discrimination at Dba of employment, disparate treatment and A.D. Ambitions

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $  M50,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY
*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE  Dec 28 2015

SIGNATURE OF ATTORNEY OF RECORD  Tracy Rhine Pro Se

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____